IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROY LEE JONES, JR. a/k/a "Boom", "Buddy Rose", JENARO BLALOCK a/k/a "J", SHAHEED MCCLEASE COSTON a/k/a "Sha", and CARROLL MICHAEL SKIPWITH a/k/a "Bam",<br><br>*Defendants.* | Case No. 1:24-CR-273<br><br>Count 1: 18 U.S.C. § 1349<br>(Conspiracy to Commit Wire Fraud)<br><br>Counts 2-6: 18 U.S.C. §§ 1028A and 2<br>(Aggravated Identity Theft)<br><br>**UNDER SEAL** |

## INDICTMENT

December 2024 Term—at Alexandria, Virginia

### Introductory Allegations

1. Car dealerships facilitate car sales through authorized financing, allowing car purchasers to obtain cars by getting a loan. People who want to purchase a car from a car dealership can, upon approved application, obtain such loans based on the purchase price of the vehicle and then acquire the car through the use of loan funds. Oftentimes financial institutions, such as banks, provide the money to the car dealerships in exchange for a purchaser's promise to abide by specified loan terms. Banks can then enforce loan terms by placing a lien upon the title to the vehicle. That lien is a legal right for the bank in the car itself that allows them to sell the car if a purchaser fails to meet the obligations of the loan contract.

2. A person who wishes to obtain financing to purchase a car typically provides the car dealership and financial institutions proof of their identity, their income, and their credit history.

1

Car dealerships and banks rely on that documentation related to a prospective purchaser's identity, income, and credit history to offer loan terms and settle loan transactions. Buyers use state-issued driver's licenses, pay stubs, bills, and other similar materials to establish their identity and ability to obtain a loan to purchase a car. Such documents contain means of identification which establish who the purchaser is, as well as their ability to make loan payments.

3. "Means of identification" as used herein is defined as outlined in 18 U.S.C. § 1028(d)(7)(A) and includes "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any… name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."

4. Cars sold in the United States have a unique Vehicle Identification Number (hereinafter, "VIN"). VINs are a series of Arabic numbers and Roman letters assigned to a specific motor vehicle for identification purposes. Genuine VINs comply with regulations issued by the federal government which, among other things, are intended to create means to verify the accuracy of any VIN transcription. A VIN can be found in many places on a car including, most prominently, on a window placard in front of the driver's seat, and on a sticker in the door jamb of the driver's side door.

5. Cars also often contain Global Positioning System (hereinafter, "GPS") enabled equipment. GPS is a utility that provides users with position, navigation, and timing services. The user portion of the GPS network is a GPS receiver that receives signals from satellites and uses the transmitted information to calculate the user's three-dimensional position and time.

2

Case 3:24-mj-00391-DCK    Document 1    Filed 12/23/24    Page 2 of 11

This information can, in some cases, remotely locate or track GPS receivers. Cars are often manufactured with factory-installed GPS-enabled systems, such as ones connected to satellite radio, security systems, or safety features within the car.

6. One category of car theft involves deceiving financial institutions and car dealerships by using a "straw buyer" posing as a prospective buyer. This person uses specially made fake identity documents – often using genuine means of identification from a real victim to increase the veneer of legitimacy. The theft works when the "straw buyer" provides sufficient proof that they are who they claim to be and that they earn sufficient income and a desirable credit history to get a loan. The "straw buyer" then obtains possession of a car using fraudulent or fictitious representations and, as normal, a financial institution places a lien against the car's title.

7. The "straw buyer" then turns the car over to others who process the car so that its location cannot later be easily detected. The thieves abscond with the car and remove its identification markings, including its VIN, and provide it a new false VIN. They also may remove or disable GPS-enabled systems. In such a case, there is no true person responsible for the loan because the "straw buyer" had obtained it through false means, no car against which to enforce a lien, and the stolen car itself has a new identity such that it can potentially be registered, insured, sold and travel throughout the United States.

8. Fraudulent identities can consist of information that does not relate to an actual person but is entirely made up of fake information. These may be called a "cpn", short for "credit privacy number" or "credit profile number". Alternatively, identification based upon real persons can be used to create fraudulent documents used in the commission of various crimes. The latter types of information are sometimes called "pros" or "profiles". "Pros" are substantially more expensive to purchase online because the information is of a real person who

3

will likely have a credit score and established credit unlike a "cpn" which may not. This is important because a "pro" will be able to withstand a credit check with a loan application for an automobile.

9. Starting at an unknown date up to the date of this indictment, defendants ROY LEE JONES, JR. a/k/a "Boom", JENARO BLALOCK aka "J", SHAHEED MCCLEASE COSTON a/k/a "Sha", and CARROLL MICHAEL SKIPWITH a/k/a "Bam", as well as others known and unknown to the Grand Jury were involved in a scheme of procuring cars by false means. Specifically, the scheme involved utilizing straw buyers who, without authorization, used the means of identification of real people to obtain credit to fraudulently purchase and obtain vehicles. Thereafter, the vehicles' VINs would be altered or changed, and the vehicles' GPS would be disabled to disguise the true identity of the vehicle so that it could be sold or transferred to others for a profit without detection. Approximately 150 vehicles valued at over $6 million were obtained by the above means by the defendants as well as others known and unknown to the Grand Jury.

10. At all times relevant to this indictment, ROY LEE JONES, JR. a/k/a "Boom" resided in Woodbridge, VA located within the Eastern District of Virginia.

11. At all times relevant to this indictment, JENARO BLALOCK aka "J" resided in Prince George's County located within the District of Maryland.

12. At all times relevant to this indictment, SHAHEED MCCLEASE COSTON a/k/a "Sha", resided in Prince William County located within the Eastern District of Virginia.

13. At all times relevant to this indictment, CARROLL MICHAEL SKIPWITH a/k/a "Bam", resided in Baltimore, MD located within the District of Maryland.

14. At all times relevant to this indictment, Victims 1, 2, 3, and 5 are real people whose

identities were used by unauthorized persons to purchase vehicles at various dealerships in Virginia and Maryland.

## COUNT 1
### (Conspiracy to Commit Wire Fraud)

THE GRAND JURY CHARGES THAT:

15. The allegations contained paragraphs 1 through 14 of this Indictment are realleged and incorporated by reference as if set forth fully herein.

16. From a date unknown to the Grand Jury but beginning in at least in or around October 2019 through the date of this indictment in or around December of 2024, in the Eastern District of Virginia and elsewhere, the defendants, ROY LEE JONES, JR. a/k/a "Boom", a/k/a "Buddy Rose", JENARO BLALOCK a/k/a "J", SHAHEED MCCLEASE COSTON a/k/a "Sha", and CARROLL MICHAEL SKIPWITH a/k/a "Bam", and others known and unknown to the grand jury, did knowingly and willfully conspire, confederate, and agree with each other to commit wire fraud– that is, having knowingly devised and intending to devise a scheme and artifice to defraud and to obtain property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

17. It was the purpose of the conspiracy for the defendants, and their coconspirators, to unlawfully enrich themselves by fraudulently using the identities and credit of real people, without the victims' authorization or knowledge, to purchase or attempt to purchase new and used cars.

### The Ways, Manner, and Means of the Conspiracy

18. To achieve the purposes of the conspiracy and its unlawful objects, the defendants and their co-conspirators engaged in the conduct described in paragraphs 1 through 17, within the

Eastern District of Virginia and elsewhere, to fraudulently obtain vehicles. Specifically, ROY LEE JONES, JR. a/k/a "Boom", a/k/a "Buddy Rose", JENARO BLALOCK a/k/a "J", SHAHEED MCCLEASE COSTON a/k/a "Sha", and CARROLL MICHAEL SKIPWITH a/k/a "Bam", and others known and unknown to the Grand Jury worked together to generate a fraudulent identity. Identities belonging to real people ("pros") were obtained online without their consent for the purpose of generating a fraudulent identification document in order to obtain a vehicle by fraud. The defendants communicated with each other, and others known and unknown to the Grand Jury, by Telegram, iMessage, and text message in furtherance of the scheme, with those communications occurring in the Eastern District of Virginia and elsewhere. Types of communications include the transmittal of fraudulently obtained identities of real people, recruitment of straw buyers, purchase of the vehicles using fraudulent identification, arranging for the vehicle's VIN and GPS to be disabled among other topics related to the conspiracy.

19. Eventually, after the chosen victim's information was ready, an individual working with the defendants would act as a "straw buyer," using that false identity of a victim for the purpose of presenting themselves as a genuine prospective client to a car dealership. The "straw buyer" would then purchase the target car by tendering fraudulent documentation in order to obtain a car loan and, eventually, the target car itself.

20. After gaining physical possession of the car through fraud, a member of the scheme would remove or conceal factory-installed VIN markings, and a member of the scheme would similarly disable the existing GPS from the car. Next, an individual working with the scheme would generate false identification and title information for the purpose of making the target vehicle appear to be a legally purchased car, though in fact it had been obtained through fraud.

21. Over the course of the conspiracy, ROY LEE JONES, JR. a/k/a "Boom", a/k/a "Buddy Rose", JENARO BLALOCK a/k/a "J", SHAHEED MCCLEASE COSTON a/k/a "Sha", and CARROLL MICHAEL SKIPWITH a/k/a "Bam", and others known and unknown to the Grand Jury, obtained numerous vehicles using the credit of real victims, including but not limited to the vehicles and victims discussed below. After obtaining the victims' means of identification, they sent this information via text message and/or using a social media application to one another to facilitate the plans for the fraudulent purchase of the vehicle by a straw purchaser pretending to be the victim.

   a. a red 2019 Acura MDX, VIN 5J8YD4H08KL016307 (Car 1) fraudulently obtained using Victim-1's credit on January 3, 2020 from Norris Acura located in Ellicott City, Maryland.

   b. a dark blue 2018 Cadillac Escalade, VIN 1GYS4DKJ3JR144465 (Car 2) fraudulently obtained using Victim-2's credit on January 20, 2020 from Anderson Buick GMC, located in Cockeysville, Maryland.

   c. a black 2019 Dodge Charger, VIN 2C3CDXCT9KH726474 (Car 3) fraudulently obtained using Victim-3's credit on April 18, 2020 from Lindsay Chrysler-Dodge-Jeep-Ram located in Manassas, Virginia.

   d. a dark blue 2017 Cadillac Escalade, VIN 1GYS4HKJ4HR246827 (Car 5) fraudulently obtained using Victim-5's credit on May 9, 2020 from Moore Cadillac located in Chantilly, Virginia.

   (All in violation of Title 18, United States Code, Section 1349.)

## COUNTS 2 THROUGH 6
### (Aggravated Identity Theft)

THE GRAND JURY FURTHER CHARGES THAT:

22. The allegations contained paragraphs 1 through 21 of this Indictment are realleged and incorporated by reference as if set forth fully herein.

23. On or about the dates and in the manner described below, in the Eastern District of Virginia and elsewhere, defendants listed below, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: 18 U.S.C. §1349 (wire fraud conspiracy) alleged in Count 1 of this indictment, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

| Count | Defendant(s) | Date | Description |
|---|---|---|---|
| 2 | JONES, COSTON, BLALOCK | December 20-27, 2019 | Means of Identification for Victim-1 (Car 1) |
| 3 | COSTON, JONES, BLALOCK | January 1-6, 2020 | Means of Identification for Victim-5 (Car 5) |
| 4 | JONES, BLALOCK, COSTON | January 6, 2020 | Means of Identification for Victim-2 (Car 2) |
| 5 | JONES, BLALOCK, COSTON | April 13-18, 2020 | Means of Identification for Victim-3 (Car 3) |
| 6 | SKIPWITH, JONES | May 9, 2020 | Means of Identification for Victim-5 (Car 5) |

(All in violation of Title 18, United States Code, Sections 1028A and 2.)

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendants, ROY LEE JONES, JR., JENARO BLALOCK, SHAHEED MCCLEASE COSTON, and CARROLL MICHAEL SKIPWITH, are hereby notified that if convicted of any of the offenses listed in Counts 1 through 6 of the Indictment, the defendants, ROY LEE JONES, JR., JENARO BLALOCK, SHAHEED MCCLEASE COSTON, and CARROLL MICHAEL SKIPWITH, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

Pursuant to 21 U.S.C. § 853(p), the defendants, ROY LEE JONES, JR., JENARO BLALOCK, SHAHEED MCCLEASE COSTON, and CARROLL MICHAEL SKIPWITH, , shall forfeit substitute property, if, by any act or omission of the defendants, ROY LEE JONES, JR., JENARO BLALOCK, SHAHEED MCCLEASE COSTON, and CARROLL MICHAEL SKIPWITH, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with 18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853; 28 U.S.C. § 2461(c); and Fed. R. Crim. P. 32.2(a))

A TRUE BILL

JESSICA D. ABER  
United States Attorney

FOREPERSON

By: *Alessandra P. Serano*
Alessandra P. Serano
Assistant United States Attorney

By: *McKenzie Ehrhardt*
McKenzie Ehrhardt
Special Assistant United States Attorney